U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
AUG 28 2006
ROBERT H. SHEMWELL, CLERK
                       DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

ROBERT CARSWELL                    CIVIL ACTION NO. 06-1162
FED. REG. NO. 84866-020
VS.                                SECTION P
                                   JUDGE DRELL
FREDRICK MENIFEE                   MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2241) filed on July 6, 2006 by *pro se* petitioner Robert Carswell. Petitioner is an inmate in the custody of the Federal Bureau of Prisons; he is incarcerated at the United States Penitentiary, Pollock, Louisiana where he is serving a 120 month sentence imposed by the United States District Court for the Middle District of Georgia following his 1994 convictions for sending threatening communications (18 U.S.C. §876). [See United States of America v. Robert Carswell, No. 5:93-cr-00025 (U.S.D.C.- M.D.Ga.)(hereinafter U.S.A v. Carswell) Petitioner claims that his current incarceration violates the First, Eighth, and Fourteenth Amendments to the United States Constitution as well as 18 U.S.C. §3585(b).[1] [doc. 1-1, paragraph 7] He also claims that the United States District Court for the Middle

---

[1] 18 U.S.C. §3585(b) provides - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences- (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

District of Georgia imposed an illegal sentence and that as a result, his present incarceration is illegal. [*id.*]

### Statement of the Case

On November 9, 1993 petitioner was found guilty of two counts of sending threatening communications (18 U.S.C. §876) by a federal jury in the Middle District of Georgia. (U.S.A v. Carswell at docs. 23-24). On March 28, 1994 he was sentenced to serve 60 months on each count to run consecutive to one another and to run consecutive to a prior Georgia state court conviction. [*id.*, at doc. 30] His conviction was affirmed in an unpublished opinion of the United States Eleventh Circuit Court of Appeals. <u>United States of America v. Robert Carswell</u>, No. 94-8361. [see <u>U.S.A. v. Carswell</u> at doc. 35]

On March 16, 1995 petitioner filed his first Motion to Vacate pursuant to 28 U.S.C. §2255. [<u>U.S.A. v. Carswell</u>, doc. 36] The Motion was denied on March 29, 1995. [*id.*, doc. 37] On May 28, 2002 petitioner filed a second §2255 Motion; it was denied on August 6, 2002. [*id.*, docs. 39, 41, 45, and 46] On October 8, 2002 the Eleventh Circuit Court of Appeals denied petitioner's motion to file a second and successive §2255 Motion. [*id.* doc. 54]

On November 23, 2005 petitioner filed a *pro se* Motion for Justice against an Illegal Sentence in the Middle District of Georgia. [*id.*, doc. 55] On December 1, 2005 that motion was

denied. [*id.*, doc. 56]

On January 3, 2006 petitioner filed a Motion for Immediate Release in the Middle District of Georgia. [*id.*, doc. 57] On January 5, 2006 that motion was denied. [*id.*, doc. 58]

On May 9, 2006 petitioner filed another Motion for Release from Custody and a third §2255 Motion in the Middle District of Georgia. [*id.* docs. 70-71] On May 16, 2006 these motions were denied. [*id.*, doc. 73] In this final order denying relief, United States District Judge Wilbur D. Owens, Jr., made the following observations:

> Petitioner Carswell has now filed on May 9, 2006, his fifth collateral attack on his sentence ... Petitioner Carswell's Motion filed in this court is in the nature of a habeas corpus action under 28 U.S.C. §2241 over which this court has no jurisdiction... If Petitioner Carswell is dissatisfied with the Bureau of Prison's April 18, 2006, computation of his sentence time remaining to be served, he must exhaust his administrative remedies through the Bureau of Prisons before jurisdiction can be re-invoked in this court for any reason. If he seeks to collaterally attack his sentence issued from this court, he must make application to the Eleventh Circuit Court of Appeals and obtain authorization to file a second or successive Motion to Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. §2255 ¶8 before jurisdiction could appertain to this court. U.S.A v. Carswell, No. 5:93-cr-00025, U.S.D.C., M.D.Ga. at doc. 73, pp. 2-4.

Petitioner filed the instant *habeas corpus* petition on July 6, 2006. As shown above, petitioner argues that his present custody violates the First, Eighth, and Fourteenth Amendments as well as the provisions of 18 U.S.C. §3585(b). In support of this claim he alleges that on May 21, 2006 he submitted a request form

to his Sentence Computation Officer at the USP Pollock pursuant to specific instructions from Judge Owens in the Middle District of Georgia. He claims to have submitted a second request to the same officer on May 28, 2006. He claims to have submitted a third request to Captain Jefferson at the USP Pollock and in this request he complained about a violation of the sentencing guidelines by Judge Owens in Georgia. Petitioner claimed that

> The sentencing guidelines in my case carried a 68 - 78 months imprisonment. I was sentenced to more than 78 months. The U.S. District Court, Middle District of Georgia was without jurisdiction and authority in imposing a sentence of more than 78 months imprisonment on myself March 25, 1994 (in case no. 5:93-cr-25 WDO). I, Robert Carswell have currently served 72 months (and) 12 months (jail credit) on current federal sentence. I Robert Carswell state I am being illegally held at Pollock United States Penitentiary in Louisiana in custody of Fredrick Menifee in violation of laws of the United States of America as set forth in the foregoing 2241 petition. I, Robert Carswell have brought issues in this 2241 petition to prison officials. Therefore I Robert Carswell pray U.S. District Court order my release from the Federal Bureau of Prisons or grant petitioner a due process/equal protection rights evidentiary hearing. [doc. 1-1, p. 5]

## Law and Analysis

Petitioner now attacks both the legality of his sentence and the manner in which it is being calculated.

### 1. *Collateral Attack*

To the extent that he claims that Judge Owens "...was without jurisdiction and authority in imposing a sentence of more than 78 months imprisonment on myself March 25, 1994 (in case no.

5:93-cr-25 WDO)..." petitioner raises claims cognizable in a §2255 motion. Petitioner was advised by Judge Owens that "If he seeks to collaterally attack his sentence issued from this court, he must make application to the Eleventh Circuit Court of Appeals and obtain authorization to file a second or successive Motion to Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. §2255..." See U.S.A. v. Carswell, 5:93-cr-00025 (U.S.D.C. - M.D.Ga. at doc. 73). Petitioner should heed Judge Owens's advice. This court has no jurisdiction to consider his collateral attack upon the legality of the sentence imposed by the United States Court in Georgia.

To the extent that petitioner might claim that this collateral attack is appropriate under the "savings clause" of §2255, such a claim is also without merit. Federal prisoners may use §2241 to challenge the legality of their convictions or sentences <u>but only</u> if they satisfy the §2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the §2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been

convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first §2255 motion. Reyes-Requena, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner attacks the legality of his sentences raising, in essence, claims that challenge the application of the sentencing guidelines in his case. As noted above, such claims are more properly raised in a Motion to Vacate filed pursuant to §2255. Therefore petitioner may bring this *habeas* action only if he can demonstrate that §2255's remedy is "inadequate or ineffective to test the legality of his detention." In order to proceed under §2255's "savings clause" he must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal,

or first §2255 motion. <u>Reyes-Requena</u>, 243 F.3d at 904.

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or first Motion to Vacate.

Therefore, to the extent that he seeks to collaterally attack his conviction and sentence, his petition is without merit and must be dismissed with prejudice.

## 2. Attack on the Calculation of Sentence

Petitioner also seems to contend that the B.O.P. has mis-calculated his sentence in violation of 18 U.S.C. §3585(b) which provides - "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences- (1) as a result of the offense for which the sentence was imposed; or(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence."

Petitioner has time and again attacked the calculation of his sentence by the Bureau of Prisons in the United States District Courts having jurisdiction over various B.O.P.

facilities where petitioner has been incarcerated.

For example, when petitioner was incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania, he filed a petition for *habeas corpus* in the United States District Court for the Middle District of Pennsylvania. That petition was dismissed on August 1, 2003. In denying relief, United States District Judge William J. Nealon noted that petitioner failed to exhaust administrative remedies available through the Bureau of Prisons. See <u>Robert Carswell v. Warden D. Scott Dodrill</u>, No. 3:03-cv-00972 (U.S.D.C. - M.D.Pa.) at doc. 8.

Similarly, when petitioner was incarcerated at the United States Penitentiary in Beaumont, Texas, his *habeas* petition filed in the United States District Court for the Eastern District of Texas was dismissed both on the merits and because petitioner failed to exhaust administrative remedies. In that case, United States Magistrate Judge Keith F. Giblin recommended dismissal and observed,

> ... the petition should be dismissed without prejudice to allow petitioner to exhaust his administrative remedies. Alternatively, the petition should be dismissed for failure to state a claim upon which relief may be granted.
>
> Petitioner asserts he should receive credit toward his federal sentence for time served in the State of Georgia...
>
> Here, petitioner seeks credit for time spent in the custody of the Georgia Department of Corrections prior to the commencement of his federal sentence. However, petitioner has failed to demonstrate his state

>confinement was exclusively the product of action by federal law enforcement officials. Accordingly, petitioner is not entitled to credit for the time spent in state custody prior to the commencement of his federal sentence. Additionally, petitioner did not come into federal custody until June 19, 2000. As the time sought was credited toward the Georgia sentence, petitioner is not entitled to credit against his federal sentence. <u>Robert Carswell v. R.D. Miles</u>, Warden, No. 1:04-cv-00467 (U.S.D.C. - E.D.Tex.) at doc. 13.

This recommendation was accepted by United States District Judge Ron Clark who entered a judgment of dismissal on September 9, 2005. [*id.*, doc. 17] Petitioner's appeal is apparently pending before the United States Fifth Circuit Court of Appeals.

Petitioner must now be well aware of the exhaustion of administrative remedies requirement. To the extent that some confusion exists, he is hereby advised: The Fifth Circuit has determined that federal prisoners seeking relief under 28 U.S.C. § 2241 "must first exhaust ... administrative remedies through the Bureau of Prisons." <u>Rourke v. Thompson</u>, 11 F.3d 47, 49 (5th Cir.1993)(citing <u>United States v. Gabor</u>, 905 F.2d 76, 78 n. 2 (5th Cir.1990)(citations omitted); <u>Lundy v. Osborn</u>, 555 F.2d 534, 534- 35 (5th Cir. 1977) ("[G]rievances of prisoners concerning prison administration should be presented to the Bureau [of Prisons] through the available administrative channels. Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.") (citations omitted)).

Exceptions to the exhaustion requirement apply only when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Id.* (citation omitted). The petitioner bears the burden of demonstrating futility. *Id.*

The administrative remedies available to inmates confined in BOP custody are set out in the Administrative Remedy Program, 28 C.F.R. §§ 542.10 - 542.19 (1998).

Section 542.13(a) requires that an inmate first informally present his complaint to the staff (thereby providing them with an opportunity to correct the problem) before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may go to the second level by filing a formal written request (a BP-9 form) to the Warden within "20 calendar days following the date on which the basis of the Request occurred." See § 542.14(a). If the inmate dissatisfied with the Warden's response, he may appeal (BP-10) to the Regional Director. Further, if he is not satisfied with the Regional Director's response, the inmate may appeal (BP-11) to the Office of General Counsel. See § 542.15(a)-(b). Exhaustion is not complete until **ALL** steps have been utilized.

The administrative procedure includes established response times. § 542.18. As soon as an appeal is accepted and filed, the

11

Warden has 20 days to respond; the Regional Director, 30 days; and General Counsel, 40 days. Only one extension of time of 20-30 days, in writing, is permitted the BOP. If the inmate does not receive a response within the allotted time, including extension, he may consider the absence of response as a denial at that level. *Id.* ("If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id.*)

As is apparent from the above, petitioner could not have fully exhausted the administrative remedies regarding the respondents' calculation of his sentence. By his own admission, petitioner filed his first "grievance" to Sentence Computation Officer M. Singleton at USP Pollock on May 21, 2006. He filed a second "grievance" with Officer Singleton on May 28. He filed a third "grievance" with Captain Jefferson on June 1. Petitioner does not contend that he sought further administrative review of his complaint by filing a formal grievance with the Warden and thereafter seeking review at the regional and national levels as required by the regulations.

Therefore, it is clear from the pleadings that petitioner has not fully exhausted available administrative remedies and his petition for *habeas corpus* could be dismissed on that basis.

Nevertheless, it is also equally clear that the observations

and conclusions of Magistrate Judge Giblen of the Eastern District of Texas with respect to the merits, or lack thereof, of petitioner's claims are absolutely correct. As noted by our colleague, the earliest date a federal sentence can commence is the date on which it is imposed, and this is true even if a sentence is ordered to run <u>concurrently</u> with a previously imposed term. <u>United States v. Flores</u>, 616 F.2d 840, 841 (5th Cir. 1980). As shown above, the records of the United States District Court for the Middle District of Georgia clearly establsih that petitioner's federal sentence was ordered to run CONSECUTIVE to the Georgia sentence. See <u>U.S.A. v. Carswell</u>, 5:93-cr-00025 at doc. 30.

Further, when a federal prisoner claims credit for time served in a state prison, the burden is on that prisoner to show that the state confinement was exclusively the product of federal law enforcement authorities, and, even if that is shown, if the inmate received credit for that time against his state sentence, none can be credited toward the federal one. United States v. Garcia-Gutierrez, 835 F.2d 585, 586-87 (5th Cir. 1988).

The federal Court in Texas determined that: (1) petitioner entered federal custody on June 19, 2000; and, (2) he was unable to demonstrate that his custody prior to that date was exclusively the product of federal action; and, (3)the time in question was already credited against the Georgia state

sentence.[see <u>Carswell v. Miles</u>, 1:04-cv-00467, U.S.D.C. - E.D.Tex. at doc. 13] Petitioner offered nothing in that court to refute those findings of fact.

In short, petitioner is not entitled to relief and dismissal of his petition with prejudice is recommended.

Therefore,

**IT IS RECOMMENDED THAT** petitioner's Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>,** 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this 28th day of August, 2006.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE